UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-49-RJC

| | |
|---|---|
| EARL WAYNE FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SID HARKLEROAD, Administrator of ) | |
| Marion Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on its own motion following the filing of Respondent's Motion for Summary Judgment on September 28, 2012, and on Petitioner's brief in response to the summary judgment motion, filed on October 16, 2012. (Doc. Nos. 12; 16). Although Petitioner has already filed his brief in response, the Court will grant him an additional 30 (thirty) days in which to supplement his response brief with materials that are admissible on summary judgment, as set forth below.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that he carries in responding to Respondent's Motion for Summary Judgment.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing

law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

If Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. Federal Rule of Civil Procedure 56(c) provides that:

> **(1) *Supporting Factual Positions*.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to

support the fact.

**(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

**(3)** ***Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.

**(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Petitioner to this Court no later than thirty (30) days from the date of this Order, and must be filed in duplicate. Petitioner's failure to respond may result in Respondent being granted the relief it seeks by way of summary judgment, that is, the dismissal of the Complaint with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have thirty (30) days from the date of this Order to file a supplemental response, including any evidence, to Respondent's Motion for Summary Judgment; and

2. The Clerk is directed to send a copy of this Order and Notice to counsel for Respondent; and a copy of the Order via certified mail to the pro se Petitioner Early Wayne Flowers, Marion Correctional Institution, P.O. Box 2405, Marion, NC 28752.

Signed: October 16, 2012

Robert J. Conrad, Jr.
Chief United States District Judge