# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-49-RJC

| | |
|---|---|
| EARL WAYNE FLOWERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SID HARKLEROAD, Administrator, ) | |
| Marion Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the court on Respondent's Motion for Summary Judgment on statute of limitations grounds. (Doc. No. 12). Also pending before the Court are the following motions by Petitioner: (1) Motion Request to the Court to Review 08 Statement by Alexander County Sheriff's Department, (Doc. No. 17); (2) Motion Requesting the Court to Review Petitioner's Claim 2 Presented in His MAR and Claim 3 of 5:12cv49 Habeas Petition, (Doc. No. 18); and (3) Motion to Review Claim 4 of Petitioner's MAR and Claim 4 of Habeas Petition 5:12cv49 Concerning Due Process, (Doc. No. 20).

## I.   BACKGROUND

Petitioner is a prisoner of the State of North Carolina. On April 30, 2010 in Alexander County Superior Court, before the Honorable Christopher M. Collier, Petitioner pled guilty to second-degree murder pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). (Doc. No. 8-4 at 9-12, 23-24). The trial court sentenced Petitioner to 216-269 months' imprisonment. (Id., Doc. No. 8-4 at 23). Petitioner was represented during his plea by Robert Campbell. (Id.). Petitioner filed a pro se motion for appropriate relief ("MAR") in Alexander County Superior Court on September 8, 2011. (Doc. Nos. 8-3 at 10-36; 8-4 at 1-3). The MAR Court, Judge

Collier presiding, denied the MAR on September 13, 2011. (Doc. No. 8-3 at 9).

On January 6, 2012, Petitioner filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals, seeking review of the MAR court's order denying his MAR. (Doc. Nos. 8-3 at 1-8; 8-2 at 5-14). The North Carolina Court of Appeals denied Petitioner's certiorari petition on January 17, 2012. (Doc. No. 8-2 at 4).

On February 17, 2012, Petitioner filed a petition for discretionary review in the North Carolina Supreme Court to review the North Carolina Court of Appeals' order denying his certiorari petition, and the North Carolina Supreme Court dismissed the petition on June 13, 2012. (Doc. No. 14-1). Petitioner submitted his § 2254 petition on April 23, 2012, and it was stamp-filed on April 27, 2012.

Petitioner alleges the following grounds for relief in his petition: (1) that his due process rights were violated because his guilty plea was invalid, unknowing, and involuntary; (2) that there was a defect in his indictment constituting a violation of due process; (3) that he received ineffective assistance of counsel; (4) that he was subjected to prosecutorial vindictiveness; and (5) that his Confrontation Clause Rights were violated.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

III.     ANALYSIS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Petitioner's § 2254 petition is barred by the AEDPA's statute of limitations. Under the AEDPA, Petitioner's federal habeas corpus petition was due one year after his conviction became final. See 28 U.S.C. § 2244(d). Because Petitioner pled guilty and was sentenced in the presumptive sentencing range, his conviction became final on direct review when his judgment of commitment was entered on April 30, 2010. See Redfear v. Smith, No. 1:11cv162, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007). Thereafter, Petitioner had one year, or until May 2, 2011 (April 30, 2011 was a Saturday), to file his § 2254 petition. Because Petitioner did not commence his § 2254 proceeding until on or about April 23, 2012, his § 2254 petition is nearly one year late.

Furthermore, none of Petitioner's state court, post-conviction petitions and/or motions, beginning with the MAR filed in September 2011, served to revive the already expired one-year period of limitation. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (concluding that § 2254 petition was "clearly time-barred," where petitioner had moved for post-conviction relief in state court only after time limitation had expired). Similarly, any miscellaneous letters, motions, and/or requests for copies of documents, records, transcripts, and information, or any other requests for discovery, appointment of counsel, etc. did not toll the one-year period of limitation pursuant to § 2244(d)(2). See Rouse v. Lee, 339 F.3d 238, 245-46 (en banc) (4th Cir. 2003) (rejecting a claim that one-year period of limitation remains tolled until the petitioner receives a copy of the denial order in the mail), cert. denied, 541 U.S. 905 (2004).

The AEDPA's statute of limitations is subject to equitable tolling where the petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In his § 2254 petition, Petitioner argued with regard to the timeliness of his petition:

> that newly discovered evidences [sic] have been presented in his collateral attacks and the[y] are incorporated hereto as a reference. Pursuant to 28 U.S.C. § 2244(d)(1)(D). Petitioner found vital information that proves Petitioner's evidence to be innocent of the crime and that information was only available on or about September 2011. Wherefore, Petitioner respectfully request(s) that this petition be treated timely filed pursuant to 28 U.S.C. § 2244(d)(1)(D).

(Doc. No. 1 at ¶ 18).

On May 25, 2012, this Court ordered Petitioner to further elaborate as why his § 2254 petition should be considered timely and what specific evidence was not discovered until September 2011 and showed his innocence. (Doc. No. 5). On June 13, 2012, Petitioner

submitted a memorandum in accordance with the Court's order, in which he alleged that he did not receive a copy of his file as maintained by his attorney Robert Campbell until September 2011, despite the fact that he had requested the file from Campbell in June 2010. See (Doc. No. 6). Petitioner stated in his additional memorandum that the files he received in September 2011 contained statements by the victim's wife, in which the wife stated that a truck and car, which she described as a Monte Carlo, pulled up to the victim's house before the victim was shot and killed. Although it is not entirely clear, Petitioner seems to argue that this proves his innocence because he drove a Grand Prix, not a truck or a Monte Carlo.

Petitioner also stated in the memorandum that ballistics evidence in his attorney's file indicated that Petitioner's gunshot residue tests were negative and that the guns in Petitioner's possession at the time of his arrest could not have fired the bullets found in the victim's body. Petitioner contends that because he did not receive the above-noted evidence until September 2011, the one-year period of limitations began in September 2011 under 28 U.S.C. § 2244(d)(1)(D), which provides that the AEDPA statute of limitations can begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." For the following reasons, Petitioner's claim is without merit.

The Court first notes that federal courts apply § 2244(d)(1)(D) rather than § 2244(d)(1)(A) (the date on which the conviction becomes final) to determine the start date of the limitations period only in the strictest circumstances–that is, "only 'if vital facts could not have been known.'" Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). The statute of limitations begins to run under § 2244(d)(1)(D) when a petitioner knows, or through due diligence could have discovered, the

facts for his claims, not when he recognizes their legal significance. Owens, 235 F.3d at 359. Furthermore, the accrual of the statute of limitations does not await the collection of evidence to support the factual basis for a claim. Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998) ("Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.").

In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence. Petitioner has not met his burden of demonstrating due diligence in discovering the so-called newly discovered evidence. As noted above, Petitioner argues that the statute of limitations started running in September 2011, when he claims to have received the discovery materials from attorney Campbell. Petitioner has failed to explain why he waited over a year, specifically until August 1, 2011 (over one year after originally writing Campbell in June 2010), to follow up on the request for a copy of his attorney's files. In sum, Petitioner has not shown that he exercised due diligence in discovering the alleged evidence.[1]

In addition to arguing that a different accrual date for the statute of limitations applies,

---

[1] Furthermore, as Respondent notes, by Petitioner's own allegations, before he pled guilty it was in Petitioner's personal knowledge that he was allegedly innocent and he believed that there was evidence to support that. Petitioner contends that counsel coerced him into pleading guilty, that counsel should have filed certain pretrial motions, and that counsel should have investigated his case further. Thus, Petitioner's own allegations belie his contention that the factual predicate for his claim of actual innocence was not known until September 2011. Petitioner made similar statements in his MAR showing that he knew about the factual predicate for his claim of actual innocence before his guilty plea. See (Doc. No. 8-3 at 14-15).

Petitioner contends that the evidence he allegedly recently discovered is evidence of actual innocence. He suggests that the one-year limitations period simply does not apply in cases of actual innocence. The Fourth Circuit has not yet addressed whether a claim of actual innocence may equitably toll the AEDPA one-year limitations period. Even if the Fourth Circuit were to recognize such equitable tolling based on actual innocence, Petitioner's allegations are insufficient to qualify him for that exception. Circuits that have adopted an actual innocence exception to the AEDPA one-year limitations period have required that a petitioner's newly discovered evidence of actual innocence be credible, meaning the evidence must be "'new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.'" Souter v. Jones, 395 F. 3d 577, 590 (6th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Moreover, "'actual innocence means factual innocence, not mere legal insufficiency.'" Souter, 395 F.3d at 590 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)). Finally, the actual innocence exception is "rare" and should "only be applied in the 'extraordinary case.'" Schlup, 513 U.S. at 321.

Petitioner fails to meet the high standard of actual innocence because the evidence to which Petitioner refers does not establish his innocence. As Respondent notes, the statements by the victim's wife are at best impeachment evidence. Moreover, that Petitioner's gunshot residue test was negative and that he did not own a gun that fired the particular caliber bullet found in the victim does not establish that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327. Thus, even if the Court were to conclude that rare and exceptional claims of actual innocence can toll the AEDPA's statute of limitations, this is not one of those rare cases in which a petitioner is entitled to equitable tolling.

In sum, for the reasons stated herein, Petitioner's § 2254 petition is time-barred, and equitable tolling is not warranted. Accordingly, the Court will dismiss the § 2254 petition.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED** and the petition is **DISMISSED** as time-barred.

(2) Petitioner's (1) Motion Request to the Court to Review 08 Statement by Alexander County Sheriff's Department, (Doc. No. 17); (2) Motion Requesting the Court to Review Petitioner's Claim 2 Presented in His MAR and Claim 3 of 5:12cv49 Habeas Petition, (Doc. No. 18); and (3) Motion to Review Claim 4 of Petitioner's MAR and Claim 4 of Habeas Petition 5:12cv49 Concerning Due Process, (Doc. No. 20), are all **DENIED** as moot.

(3) It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 20, 2012

Robert J. Conrad, Jr.
Chief United States District Judge