**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:12-cv-49-RJC**

| | | |
|---|---|---|
| **EARL WAYNE FLOWERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **SID HARKLEROAD, Administrator of** | ) | |
| **Marion Correctional Institution,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion Not to Expand Record, (Doc. No. 31), and on Petitioner's Motion for Reconsideration of the Court's Order on Motion for Summary Judgment, (Doc. No. 35).

On November 20, 2012, the Court entered an Order granting Respondent's Motion for Summary Judgment and dismissing as time-barred Petitioner's habeas petition filed under 28 U.S.C. § 2254. On November 28, 2012, Petitioner filed the pending Motion Not to Expand Record, (Doc. No. 31), in which Petitioner asked the Court not to consider an affidavit of Petitioner's defense counsel when ruling on Respondent's Motion for Summary Judgment. Because Petitioner filed the pending motion after this Court had already granted Respondent's summary judgment motion, the Motion Not to Expand Record is denied as moot.

On December 6, 2012, Plaintiff filed the pending motion for reconsideration, which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Petitioner merely reiterates the same or similar arguments that he presented in contending that his Section 2254 petition is not time-barred. Therefore, the Court will deny Petitioner's motion.

**IT IS, THEREFORE, ORDERED** that:

1.      Petitioner's Motion Not to Expand Record, (Doc. No. 31), is **DENIED** as moot.

2.      Petitioner's Motion for Reconsideration, (Doc. No. 35), is **DENIED**.

3.      It is further ordered that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

appealability.  See 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 14, 2013

Robert J. Conrad, Jr.
Chief United States District Judge